## AHERN v. McLAUGHLIN et al.

### No. 3593.

Court of Civil Appeals of Texas. El Paso.

Jan. 20, 1938.

Arnold & Arnold and Rodgers & Rodgers, all of Texarkana, for plaintiff in error.

King, Mahaffey & Wheeler and H. H. Taylor, all of Texarkana, for defendants in error.

WALTHALL, Justice.

Defendant in error, Texarkana National Bank, filed its bill of interpleader by amended petition against Mary Anne McLaughlin and the heirs of John O'Doherty, and Mrs. Mary Ahern, surviving widow and sole executrix and distributee under the will of P. J. Ahern, deceased, setting up the terms of the will of John O'Doherty, and that Mary Anne McLaughlin makes claim to ownership of $3,165 on deposit in said bank, as a part of the estate of John O'Doherty, and Mrs. Mary Ahern claims said deposit as surviving widow and sole executrix and distributee under the will of P. J. Ahern, deceased.

Answer was filed on behalf of Mary Anne McLaughlin, joined by her husband, as the O'Doherty heirs named as defendants in said bill of interpleader.

Mrs. Mary Ahern, by amended plea of intervention, set up claim to said funds on deposit in said bank as compensation due her husband for services performed as agent appointed by said Mary Anne McLaughlin and the heirs of John O'Doherty to handle, control, and dispose of said property, which deposit grows out of funds handled by said Ahern as agent for the devisees and heirs of John O'Doherty, upon a certain lot No. 13, in block 72, in the city of Texarkana, Miller county, Ark., not mentioned or disposed of in the will of John O'Doherty, deceased, having been acquired by him after the making of said will; that, after disposition was made, P. J. Ahern, as such agent, made remittances to the parties entitled to participate in same, and held said amount as balance on deposit in said account carried for that purpose in the bank, as his compensation, asserting his lien thereon for such compensation, and praying in the alternative, if such deposit is not allowed to him, that she have judgment for the reasonable value of such services for handling and disposing of said property, with a first lien therefor on such deposit.

Mrs. Mary Anne McLaughlin, joined by her husband, filed intervention, claiming such funds as the sole surviving heir of the said John O'Doherty, deceased, entitled to same under the laws of Arkansas.

The Texarkana National Bank, as interpleader, in its original petition, did not make Mrs. Mary Ahern a party to the suit, but after she had intervened, said bank, as interpleader, filed its amended original petition, making her a party defendant with the other defendants in the suit; defendant in error Mary Anne McLaughlin, in addition to her other pleas, pleaded, as against the claim being asserted by Mrs. Ahern, the statutes of limitation of two and four years. Rev.St.1925, arts. 5526, 5529.

Trial was had without a jury. After the evidence was heard and the trial court had taken the case under advisement and study for some weeks, and had again called the case for announcement of the court's decision and rendering judgment, the court announced that he had concluded from the evidence that following the death of Nellie O'Doherty, Father James O'Doherty, Phillip O'Doherty, and Anne O'Doherty, they left no unknown heirs entitled to

any part of their estate, and that defendant Mary Anne McLaughlin was the known and only heir at law of each of said deceased, and the only heir at law as well as the sole surviving beneficiary under the will of John O'Doherty, deceased, and that, as such, she was entitled to recover the interpleader bank deposit ($3,165) of "P. J. Ahern, agent for Anne, James and Phillip O'Doherty," deposited in the registry of the court, and that defendant Mrs. Mary Ahern is not entitled to recover any part of said deposit, and made other findings and orders as to said deposit not brought into question here, and so rendered judgment.

Mrs. Mary Ahern filed and presented her motion for a new trial, which the court overruled, and she appeals.

### Opinion.

The trial court made no findings of fact or conclusions of law other than as stated in the judgment rendered.

There are certain undisputed facts found in the evidence and referred to in the briefs of plaintiff in error and defendants in error, to which we here refer, in determining whether the judgment of the court as rendered should be sustained.

John O'Doherty died in Miller county, Ark., in August, 1898, leaving a will which was duly probated, and letters of administration were granted for administration of his estate to P. J. Ahern on September 23, 1898. All other beneficiaries under his will having died, Mary Anne McLaughlin became the sole beneficiary under the will and his sole heir. The administration of said estate was closed September 20, 1902. Thereafter from time to time P. J. Ahern placed on deposit with the Texarkana National Bank sums of money in an account designated: "P. J. Ahern, agent for Anne, James and Phillip O'Doherty."

P. J. Ahern died July 30, 1932, at his residence in Texarkana, Ark., leaving a will, which was duly probated in Miller county, Ark., under which his surviving wife, Mary Ahern, was made sole beneficiary and executrix. At that time said deposit was carried by P. J. Ahern in the Texarkana National Bank under the name of "P. J. Ahern, agent for Anne, James and Phillip O'Doherty"; the deposit was approximately $2,932.62. Through accumulation of interest, at the time of the filing of the bill of interpleader in this case by the bank, the deposit had reached the sum of $3,165. This deposit came from the proceeds of the sale of property belonging to the estate of John O'Doherty, perhaps of some rents collected.

The claim made by Mrs. Ahern to the deposit is that at the time of her husband's death in 1932 the deposit was then his property, or, if not, he had a claim for compensation to be paid out of the deposit secured by a lien on the deposit; that if her husband was the owner at the time of his death the deposit passed to her as sole beneficiary under his will.

Without stating here the various sales of property of the estate of which P. J. Ahern was the administrator, it appears from the record that from 1898 to November 20, 1908, P. J. Ahern carried the account for Anne, James, and Phillip O'Doherty in State Savings & Trust Bank of Texarkana, Ark. On November 20, 1908, Ahern opened the account with the Texarkana National Bank by a deposit of $2,750. On that date Ahern sent by exchange to Anne O'Doherty the sum of $500 and to James O'Doherty the sum of $1,000, leaving at that date in the bank a balance of $1,250. The Texarkana National Bank statement of the account begins on February 21, 1913, with the deposit at that time of $1,364.22. Plaintiff in error contends that the account was opened on November 20, 1908, as shown by Ahern's book account, and that the difference in the accounts was the interest credited by the bank on the deposit of $114.22 under date of February 21, 1913. After the last-stated date no deposit was made by Ahern on the account with the bank, and the account was affected only by interest on the account credited by the bank from time to time. In handling the property of the estate plaintiff in error makes the contention that Ahern received no compensation except the $1,250 "which he left in said account for his compensation, and which said sum, together with the interest credited thereto, constituted the fund involved in this controversy."

From the above it is clear that plaintiff in error seeks to recover the accumulated deposit made by her deceased husband in 1908, in the account carried by him in the bank under name of "P. J. Ahern, agent for Anne, James and Phillip O'Doherty," with the accumulation of interest added thereto until 1913 by the bank.

We have found nothing in the record to show or that tends to show that the

character of the deposit ever underwent any change as to its ownership, or to show that Ahern claimed the deposit as his property in consideration of his services. At the time of Mr. Ahern's death the deposit was in the bank just as he had carried it through the years.

There are in the record a number of exhibits, letters of Mr. Ahern to Mrs. McLaughlin, all of which we have carefully read, and which we omit copying here and the comments made in the briefs, except Exhibit No. 8. That exhibit is of date December 20, 1921. It is a letter written by Mr. Ahern to Mrs. McLaughlin. It is as follows:

"Your letter was received August 30 last, and indeed should be answered long since, but neglected as there was nothing involved, but was hoping to get rid of the other lots and so far have failed; the general money depression and unsettled conditions have their effects here though not near as bad as in Europe. They are improving all the time and will be back to normal again. Hope you and family are well and when this is the case you possess more than you know until you are without health.

"I see the reference I made to the sale of the property years ago is still unsettled in your mind, and you feel that as money is received it should be sent right away to you. Now, you should know that for years back there was no income from the property, that being so, if I didn't keep some of your money on hand to pay out sundry taxes, the property would be sold for taxes and you would have nothing. At all times I had and have some of your money on hand, and will until all the property is sold.

"The money referred to when collected was placed in the bank with the sum already there, and not kept in a single item as it is in your mind. It has reached you among the following sums I have sent you, except what I have on hand.

December   1, 1914............ $   490.75
February  16, 1916............    150.00
June      11, 1919............  2,092.56
November   8, 1919............  6,000.00
July       1, 1921............  1,999.22
                              _____
                              $10,732.53

"If you cannot understand this show it to Fr. Maguire. You know things are expensive with you and you know they are much more so with us and taxes are no exception."

R. M. Bone, cashier of the Texarkana National Bank, and connected with the bank since 1912, identified financial statements made by Mr. Ahern to the bank, in which Mr. Ahern gives what purports to be a complete statement of his assets and liabilities, the first bearing date December 5, 1929, the second bearing date January 1, 1931. In each he lists the money he had on hand on these dates, but neither includes the deposit involved here.

There are other facts and circumstances shown by the record, such as Mr. Ahern's financial circumstances about 1930 and 1931, from which it might be argued that, had Mr. Ahern owned or claimed to own the deposit here involved, he would have made it to appear; but such facts and circumstances are more in the nature of argument than otherwise, so we do not refer to them here.

The trial court not having indicated in the judgment, or otherwise, any special reason, whether of fact or law, for the conclusion reached and the judgment rendered, we think we need not do more than express our opinion that the evidence in the record before us is sufficient to sustain the judgment rendered.

The case is affirmed.